IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| LON LAMAR FARR, #233 729 | * | |
| Petitioner, | * | |
| v. | * | 2:09-CV-394-WHA |
| | | (WO) |
| WARDEN PRICE, *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Lon Farr, a state inmate, on April 26, 2009. In this petition, Petitioner challenges his conviction for manslaughter imposed upon him by the Circuit Court for Covington County, Alabama, on June 29, 2006.

Respondents filed a supplemental answer (*Doc. No. 24*) to Petitioner's amended petition in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that Petitioner is procedurally defaulted on his federal habeas claims presented in the amended petition because he did not properly present his claims to the state courts in accordance with applicable procedural rules and federal law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531

U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Teague v. Lane*, 489 U.S. 288 (1989). Specifically, Respondents maintain that Petitioner's assertion that counsel's ineffectiveness is cause for the default of his challenge to the amending of his indictment to require a more definite statement is procedurally defaulted as Petitioner failed to present this specific claim of ineffectiveness properly in the state courts. That is, Petitioner presented this challenge to counsel's performance for the first time on direct appeal. *See Brownlee*, 306 F.3d at 1065 (claims not adequately presented in the state court are procedurally barred from review on federal habeas corpus).

Respondents argue that Petitioner's allegation that he received ineffective assistance of appellate counsel is procedurally defaulted because it is presented for the first time in this habeas proceeding. *See Teague*, 489 U.S. at 298. Respondents further assert that Petitioner's allegations that trial counsel rendered ineffective assistance by failing to conduct an adequate pre-trial investigation and failing to request a continuance in order to investigate and prepare for trial as a result of the amendment to the indictment, to the extent these claims were not presented to the state courts at trial or on direct appeal, they are procedurally defaulted. (*Id.*) To the extent these allegations regarding trial counsel's performance may be considered to have been presented to the state courts and the appellate court's ruling may be considered a ruling on the merits of these ineffectiveness claims other than those specifically defaulted by the appellate court, Respondents argue that Petitioner is entitled to no relief from this court as the state courts properly adjudicated such claims

2

on the merits. *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."); *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000). Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, 529 U.S. at 412-413 (2000), the Supreme Court held that:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Respondents argue that Petitioner's claim that the evidence was insufficient where it was mostly circumstantial is procedurally defaulted because Petitioner never presented such claim in the state courts and presentation of such claim would now be barred by the state's procedural rules. *See Teague*, 489 U.S. 288; *Bailey*, 172 F.3d at 1303; *Brownlee*, 306

F.3d at 1065. Finally, Respondents maintain that Petitioner's claim that he is actually innocent based on newly discovered evidence with regard to what actually occurred and which lead to the victim's death is insufficient to warrant habeas relief, *see Jordan v. Secretary Dept. of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007), and moreover, is not newly discovered. Furthermore, to the extent Petitioner's claim of newly discovered evidence is no more than an attempt to argue the sufficiency of the evidence, Respondents maintain that such allegation, as previously noted, is procedurally defaulted.

A procedural default bars consideration of the merits of a claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Peoples v. Campbell*, 377 F.3d 1208, 1235 (11th Cir. 2004); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

To the extent the amended petition can be construed to present an independent claim of actual innocence, such claim provides no basis for relief in this cause of action. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial. 'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id.*" *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002). It is also clear that Petitioner presents no new, reliable evidence of his actual innocence which would entitle him to review of his procedurally defaulted claims under the fundamental miscarriage of justice exception.

Accordingly, it is

ORDERED that on or before September 29, 2009 Petitioner may file a response to the supplemental answer filed by Respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. Petitioner is advised that at any time after September 29, 2009 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

5

Petitioner is instructed that when responding to Respondents' answer he may file sworn affidavits or other documents in support of his claim. Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on the ground presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks Respondents' answer by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is cautioned that in responding to Respondents' assertion that some of his claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings. Petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. If Petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, Petitioner must show specific reasons for the application of this exception

Done, this 15th day of September 2009.

                                                /s/  Terry F. Moorer
                                               TERRY F. MOORER
                                               UNITED STATES MAGISTRATE JUDGE