IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LON LAMAR FARR, #233 729                    *

    Petitioner,                                      *

        v.                                         *        2:09-CV-394-WHA
                                                                                   (WO)
WARDEN PRICE, *et al.*,                        *

    Respondents.                                 *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Lon Farr.  On June 29, 2006 a jury empaneled before the Circuit Court for Covington County, Alabama, found Petitioner guilty of  manslaughter.  The trial court sentenced Petitioner on September 29, 2006 to a term of  twenty years' imprisonment. (*Doc. No. 12,  Exh. A, Vols. 1-3*.)

Petitioner filed a  *pro se* motion for new trial on October 19, 2006. He filed a second *pro se* request for a new trial on October 20, 2006 and also requested different counsel.  Trial counsel also submitted a motion for new trial.  The trial court appointed new counsel on October 20, 2006.  The motion for new trial hearing was held on November 7, 2006. Petitioner was represented by newly appointed counsel at that proceeding. The trial court

denied the request for new trial by order signed November 7, 2006.  (*Doc. No. 12, Exh. A,*

*Vol. 5, Part I.*)

Following the trial court's denial of the motion for new trial, Petitioner filed notice

of appeal from his conviction and sentence on December 6, 2006.  By order filed December

27, 2006,  counsel appointed to represent Petitioner on the motion for new trial was allowed

to withdraw from representation.  On January 8, 2007 the trial court appointed new counsel

to represent Petitioner on appeal. (*Doc. No. 12,*) The Alabama Court of Criminal Appeals

affirmed Petitioner's conviction and sentence on March  21, 2008.  The appellate court

denied Petitioner's application for rehearing on April 4, 2008.  The Alabama Supreme Court

denied Petitioner's petition for writ of certiorari on May 9, 2008 and the Court of Appeals

issued a certificate of judgment the same day. (*Doc.  No. 12, Exh. A, Vol. 5, Parts I, II, Exhs.*

*B-H*.)

Petitioner did not file a Rule 32 petition. He filed the instant § 2254 petition on April

26, 2009 and  an amended petition on July 22, 2009. In his petition, as amended, Petitioner

presents the following claims for relief:

> 1. "By not amending the indictment until the day the trial began, counsel was
> denied adequate notice of what to defend against" and that "the trial court
> failed to sustain [Petitioner's] objection to the sufficiency of the indictment or
> to require a more definite statement as to the cause of death [a]lthough the
> judge stated he would properly instruct the jury to overcome any shortcomings
> on the indictment;"

2.  Trial counsel performed deficiently because:

a. he failed to obtain testimony from [an] expert in liver dysfunction and forensic pathology to challenge the State's theory as to the manner and time and cause of death;

b.  He failed to develop a defense theory of innocence by providing expert testimony as to time of death, health, and injury all due to fall;

c.  He failed to obtain expert testimony from toxicologist as to dissipation of alcohol from the body;

d.   He failed to accept a continuance offered by the court to allow additional time to review  and consider taped statement by Petitioner and to obtain an expert on blood level/intoxication impairment;

e.  He failed to request more definite statement.

f.  He failed to review tape;

g.  He  failed to inform Petitioner that he would be interviewed by a psychiatrist or psychologist to determine whether he was mentally competent to stand trial;

h.  He failed to challenge psychiatric report or to seek another one;

I.  He failed to review tape of Petitioner's statement in its entirety;

j. He failed to request that the  court view the tape (same) in its entirety so the court could better evaluate Petitioner's  level of intoxication when it was given;

k.  He failed to object to expert witness' testimony based on hearsay of a non-expert on the time of death;

l.  He failed to request jury a instruction on circumstantial evidence;

m. He failed to explain sufficiently to the court Petitioner's hearing disability so as to allow the court to make appropriate accommodations;

3

n.  The cumulative effects of trial counsel's and post-trial counsel's errors denied Petitioner the effective assistance of counsel.

3.  Post-trial counsel denied Petitioner due process by providing ineffective assistance at the hearing on the motion for new trial.

4.  Petitioner was denied due process because the trial judge failed to properly instruct the jury as promised to defense counsel to repair any damage or prejudice caused to Petitioner by the late amendments to the indictment, especially the trial judge's failure to instruct the jury on a purely "circumstantial trial" and this failure has probably resulted in the conviction of an accused who is actually innocent.

(*Doc. No 1.*)

In an amended petition filed July 22, 2009, Petitioner raised the following additional

claims for relief:

1) he received ineffective assistance of appellate counsel where appellate counsel presented an issue on appeal which was not preserved properly for review;

2) amending the indictment on the morning of trial as to the manner of the victim's death denied Petitioner due notice and denied trial counsel adequate time to prepare a defense;

3) trial counsel was ineffective for failing to conduct an adequate pre-trial investigation;

4) trial counsel failed to request a continuance in order to investigate and prepare for trial as a result of the amendment to the indictment;

5) the evidence at trial was insufficient to support Petitioner's conviction where the evidence was mostly circumstantial; and

6) Petitioner is actually innocent based on newly discovered evidence, to wit, his affidavit describing his version of what "actually" occurred that lead to the victim's death.

4

(*Doc. No. 20.*)

Respondents filed an answer in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that, with the exception of certain ineffective assistance of trial counsel claims,  Petitioner is procedurally defaulted on his remaining federal habeas claims because he did not properly present them to the state courts in accordance with applicable procedural rules and federal law. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999);  *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Teague v. Lane*, 489 U.S. 288 (1989).  Respondents maintain that, to the extent the Alabama Court of Criminal Appeals' decision on Petitioner's challenges to trial counsel's performance may be considered a ruling on the merits, and other than those specifically defaulted as further explained herein, Petitioner is entitled to no relief from this court as the state courts properly adjudicated such claims on the merits.[1]  *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."); *Williams*

---

[1] The Alabama Court of Criminal Appeals held that to the extent Petitioner presented his ineffective assistance allegations to the trial court in his motion for new trial, "he made only bare allegations and did not present any evidence to support them during the hearing on his motion for new trial. . . . [T]herefore, appellant did not satisfy his burden under Strickland [v. Washington, 466 U.S. 668 (1984], and he is entitled to no relief on these allegations." (*Doc. No. 12, Exh. D.*)

*v. Taylor*, 529 U.S. 362, 402 (2000).  Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, 529 U.S. at 412-413 (2000), the Supreme Court held that:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Finally, Respondents maintain that Petitioner's claim that he is actually innocent, based on newly discovered evidence of what actually occurred at the incident scene and which caused  the victim's death, is insufficient to warrant habeas relief, *see Jordan v. Secretary Dept. of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007), and moreover, is not newly discovered.  Furthermore, to the extent Petitioner's claim of newly discovered evidence is no more than an attempt to argue the sufficiency of the evidence, Respondents maintain that such allegation is procedurally defaulted.  (*Doc. No. 24*.)

Petitioner took advantage of the opportunity granted to respond to  Respondents' answer and supplemental answer.  After reviewing the § 2254 petition, Respondents' answers, and Petitioner's responses,  the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. THE FACTS

On direct appeal, the Alabama Court of Criminal Appeals briefly summarized the facts of Petitioner's case as follows:

> The evidence showed that, on November 5, 2002, the [Petitioner] asked Peggy Odom, his aunt, to come to the home he shared with the victim, Teresa Roth; that Odom determined that the victim was dead and telephoned emergency personnel; and that the [Petitioner] subsequently made several different statements about his and the victim's actions before the victim died. An autopsy revealed that the victim had suffered more than one hundred contusions to her body and head, that the cause of death was blunt trauma, and that her injuries were consistent with her having been beaten to death.

(*Doc. No. 12, Exh. D at pgs. 1-2.*)

Dr. Kathleen Enstice was the forensic pathologist who autopsied the victim.  She testified that seven of the more than 100 contusions the  victim suffered were to her skull and were caused by a tremendous force. The bleeding found in the victim's brain was fresh and was found both on top of and underneath the thin membrane which sits directly on the surface of the brain.  Dr. Enstice testified that the victim's brain had so much blood leaking out that it caused massive swelling on the left side of the victim's brain and that the large amount of blood volume caused her brain to shift to the right side of her head. Dr. Enstice

7

further testified that in her experience, the severity of the victim's head injuries, which were fatal, likely caused her death within twenty to thirty minutes but explained that it was possible death could have occurred anywhere between 20 minutes to twenty-four hours after infliction of the blows. Dr. Enstice's testimony also indicated that she found a large contusion to the front part of the victim's bladder and her bladder had fresh blood in it, the victim's tailbone was fractured with bleeding in the surrounding area, she had numerous contusions to her legs, arms, and hands, and that a majority of the victim's injuries all occurred within a twenty-four hour period. The time of the victim's death, Dr. Enstice testified, occurred sometime between 7:00 p.m. Sunday night, November 3, 2002 and 7:00 p.m. Monday, November 4, 2002, and therefore, Petitioner's assertion in one of his statements to police that he and the victim had sex around 5:30 a.m. on Tuesday, November 5, 2002 was not possible as she was dead, at the latest, by 7:00 p.m. November 4, 2002.[2] (*See*

_____

[2]Petitioner was initially questioned by law enforcement officers at 1:30 p.m. on November 5, 2002 several hours after he called his Aunt Peggy to come to his home to check on the victim. He mentioned in his statements to law enforcement officials that the victim had been drinking heavily prior to her death and stated his belief that her death was likely due to alcoholism. (*See Doc. No. 12, Exh. A, Vol. 6, Part I, pgs. 51, 79, Vol. 6, Part II, pgs. 39-40.*) Brenda Jay, a forensic scientist with the Alabama Department of Forensic Sciences, testified that the victim's blood tested negative for the presence of alcohol in her system and that her blood only testified positive for Prozac at a therapeutic (prescribed) level and Metabolite, a breakdown of the drug. The State further questioned Ms. Jay as follows with:

Q. ...When a person dies, if they have been drinking, had alcohol in their system, would it disappear, then, . . . does it metabolize[] after death?
A. No. The level should be the same as it was at the time of death.
Q. So, if she had been drinking at the time of death, it would have shown up in her blood?
A. Correct.
A. Even though her body had been stored overnight?
A. Yes. Correct.

8

*Doc. No. 12, Exh. A, Vol. 2, Part II, pgs. 54-97, Vol. 3, Part I, pgs. 2-69; Vol. 6, Part I, pg. 79.*)

### III. DISCUSSION

*A.  Procedural Default*

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  Thus, claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas.");  *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are

_____

(*Doc. No. 12, Exh. A, Vol. 2, Part I, pgs. 47, 49-50.*)

procedurally defaulted).   Respondents maintain that the following challenges Petitioner makes to his conviction are defaulted due to his failure to present his claims in accordance with the state's procedural rules.

     *i.  Amendment of the Indictment and Sufficiency of the Indictment*

Respondents assert that Petitioner has procedurally defaulted his  claim of trial court error in permitting an amendment to the indictment the morning of trial and by proceeding to trial without Petitioner having adequate notice, or a more definite statement, of what he had to defend against.   While Petitioner presented these contentions on direct appeal, the Court of Criminal Appeals found  that Petitioner "did not object to the amendment of the indictment," and "[t]herefore, any argument in that regard is not properly before this court. (*Doc. No. 12, Exh. D at pg. 3*.)   The appellate court further determined that "[b]ecause [Petitioner] did not request a more definite statement until the day his trial began, it appears that his request was not timely."  (*Id. at pg. 4*.)

Based on the appellate court's decision, Respondents maintain that the last state court to address Petitioner's challenge to the sufficiency of his indictment or to require a more definite statement as to the cause of death  deemed the claims barred from review for lack of a timely and proper objection at trial. (*Doc. No. 12 at pgs. 9-10, Exh. D*.)   *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar

provides an adequate and independent state ground for denying relief."). Respondents

further note that the state appellate court deemed the claims without merit.[3] (*Id.*)

Nevertheless, even when a state court addresses the substantive merits of a defaulted claim

in an alternative holding, the claim remains barred from federal review.

> [A] state court need not fear reaching the merits of a federal claim in an
> <u>alternative</u> holding. By its very definition, the adequate and independent
> state-ground doctrine requires the federal court to honor a state holding that is
> a sufficient basis for the state court's judgment, even when the state court also
> relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935).
> Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433
> U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas
> as long as the state court explicitly invokes a state procedural bar rule as a
> separate basis for decision. In this way, a state court may reach a federal
> question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### ii. Trial Court's Failure to Instruct the Jury

Petitioner complains that the trial court denied him due process where it failed to

properly instruct the jury "as promised to defense counsel to repair any damage or prejudice

caused to [Petitioner] by the late amendments to the indictment, especially [the] trial judge's

---

[3]The Alabama Court of Criminal Appeals determined that the amendment to the indictment did not charge Petitioner with an additional or a different offense and did not prejudice his substantial rights. Rather, the appellate court concluded that the amendment simply provided additional information as to the manner of the victim's death. (*Doc. No. 12, Exh. D at pg. 3.*) The Court of Criminal Appeals further concluded that "the indictment, as amended, was sufficient to apprise [Petitioner] with reasonable certainty of the nature of the accusation made against him so that he could prepare his defense and be protected against a subsequent prosecution for the same offense. Therefore, the trial court did not abuse its discretion when it denied [Petitioner's] additional request for a more definite statement." (*Id. at pg. 6.*) *See United States v. Miller,* 471 U.S. 130, 136 (1985) (convictions generally have been sustained as long as the proof upon which they are based corresponds to an offense that was clearly set out in the indictment.); *Washington v. Crosby,* 324 F.3d 1263, 1265 (11th Cir. 2003).

failure to instruct the jury on purely circumstantial' trial," which resulted in the conviction of an "accused who is actually innocent." (*See Doc. No. 1 at pg. 7.*) Respondents assert hat this claim is defaulted because Petitioner never presented such claim in the state courts and presentation of such claim would now be barred by the state's procedural rules. *See Teague*, 489 U.S. 288; *Bailey*, 172 F.3d at 1303; *Brownlee*, 306 F.3d at 1065.  (*Doc. No. 12 at pg. 13, Exh. D.*)

### iii. Ineffective Assistance of Appellate Counsel

Petitioner complains that appellate counsel rendered a deficient performance. Respondents argue that Petitioner's allegation that he received ineffective assistance of appellate counsel is procedurally defaulted because it is presented for the first time in this habeas proceeding. *See Teague*, 489 U.S. at 298. (*Doc. No. 24 at pg. 3-4.*)

### iv.  Ineffective Assistance of Post-Trial Counsel

Petitioner claims that post-trial counsel rendered ineffective assistance. Respondents argue that this claim is defaulted because the appellate court, citing *Ex Parte Ingram*, 675 So.2d 863 (Ala. 1996),  determined that it was raised for the first time on appeal and was, therefore, not properly before the court. (*Doc. No. 12, Exh. D.*)

### v.  Ineffective Assistance of Trial Counsel

 Respondents assert that Petitioner's allegation that trial counsel rendered ineffective assistance by failing to conduct an adequate pre-trial investigation and failing to request a continuance in order to investigate and prepare for trial as a result of the amendment to the

indictment, to the extent these claims were not presented to the state courts at trial or on direct appeal, are procedurally defaulted because they were not presented in the state courts and presentation of such claim would now be barred by the state's procedural rules.[4] (*Doc. No. 24 at pgs. 7-8.*)  *See Teague*, 489 U.S. 288; *Bailey*, 172 F.3d at 1303; *Brownlee*, 306 F.3d at 106.  Respondents maintain that Petitioner's allegation that he was denied effective assistance of trial counsel due to the cumulative effect of counsel's deficient performance is defaulted because the appellate court determined that this claim was raised for the first time on appeal. (*Doc. No. 12, Exh. D.*)  With regard to Petitioner's assertion that trial counsel's ineffectiveness is cause for the default of his challenge to trial court's conduct in allowing the amending of his indictment and failing to require a more definite statement, Respondents assert such claim is procedurally defaulted as Petitioner failed to present this specific claim of ineffectiveness properly in the state courts.  That is, Petitioner presented this challenge to counsel's performance for the first time on direct appeal.  *See Brownlee*, 306 F.3d at 1065 (claims not adequately presented in the state court are procedurally barred from review on federal habeas corpus). (*Doc. No. 24.*)

---

[4] In his motion for new trial Petitioner challenged trial counsel's failure to request a continuance for the purpose of allowing defendant to secure an expert witness for testimony.  Petitioner, however, did not present a challenge to trial counsel's performance regarding his failure to request a continuance in order to investigate and prepare for trial as a result of the amendment to the indictment. (*See Doc. No. 12, Exh. A, Vol. 5, Part I.*)

13

*vi.  Sufficiency of the Evidence*

Petitioner alleges that the evidence at trial was insufficient to support his conviction because it was mostly circumstantial.  Respondents maintain that this claim  is procedurally defaulted because although Petitioner challenged the sufficiency of the evidence in his motion for new trial, the claim was not presented on direct appeal and is, therefore, procedurally barred from review in this court. (*Doc. No. 24 at pgs. 8-9.*)  *See Teague*, 489 U.S. 288; *Bailey*, 172 F.3d at 1303;  *Brownlee*, 306 F.3d at 1065.

*vii. Actual Innocence Based on Newly Discovered Evidence*

Petition claims that he is actually innocent of his conviction based on newly discovered evidence as set forth in his affidavit describing the events and actions which transpired prior to the victim's death.  To the extent Petitioner's claim of newly discovered evidence is no more than an attempt to argue the sufficiency of the evidence, Respondents maintain that such allegation, as previously noted, is procedurally defaulted. (*Doc. No. 24 at pg. 10.*)

This court may reach the merits of Petitioner's procedurally defaulted claims "only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default.  *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)].  . . . Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a

14

showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678.  A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

> a.  *Cause and Prejudice*

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.

As previously determined, Petitioner is procedurally defaulted on his claims for habeas relief as explained above  due to his failure  to properly present them in the state courts according to the state's procedural rules. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891. The court afforded Petitioner an opportunity to demonstrate the existence of cause for his failure to raise his defaulted claims in the state courts properly and prejudice resulting from this failure.  Petitioner asserts that the trial counsel's failure to object to the amending of the indictment, or alternatively, his failure to request a continuance for additional time to prepare for trial after the amending of the indictment, caused the default of his  claim challenging the trial court's conduct in allowing an  amendment to his indictment the morning of trial and it's failure to sustain his objection to the sufficiency of

15

the indictment or to require a more definite statement as to the cause of death. (*See Doc. No. 20*.)

Petitioner's contention that trial counsel's deficient performance caused the default of his claims that the trial court erred in permitting the amending of the indictment and in not requiring a more definite statement as to the cause of death was not presented either in the state court or on appeal. While a claim of ineffective assistance of counsel will excuse a procedural default, such is the case only when the ineffective assistance claim itself has been independently and properly raised in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray,* 477 at 489 ("a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim). As the Supreme Court has stated, "in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" to establish cause. *Edwards,* 529 U.S. at 451 (citing *Murray,* 477 U.S. at 488-89). In order to constitute cause, however, counsel's performance must amount to ineffective assistance of counsel under the Sixth Amendment. *See id.* "In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Id*. For this reason, the ineffective assistance claim which is asserted as cause must itself be both exhausted, *see id.* at 451-52

(discussing *Murray,* 477 U.S. at 489), and not procedurally defaulted, *see id.* at 452-53. Here, Petitioner has never presented the afore-mentioned ineffective assistance of counsel claim to the state courts. It is, therefore, unexhausted, and cannot be used as a basis to establish cause to overcome his procedural default.

Based on the pleadings, documents, and records filed in this case, the court finds that Petitioner has not established the existence of any "objective factor external to the defense that prevented [him] from raising the claim[s] and which cannot be fairly attributable to his own conduct." *Murray*, 477 U.S. at 488. Petitioner has, therefore, failed to demonstrate cause for his failure to present his defaulted claims to the state courts in compliance with applicable procedural rules. Furthermore, Petitioner has not shown the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Petitioner's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### b. Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Although an actual innocence claim "can itself be defaulted is not to say that the procedural default may not ***itself*** be excused if the petitioner can satisfy the cause-and-prejudice standard [or fundamental miscarriage of justice exception] with respect to that claim." *Edwards,* 529 U.S. at 453 (emphasis in original). Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before

a court may consider constitutional claims which are defaulted.  *Schlup*, 513 U.S. at 315.

This exception applies where a petitioner establishes that "a constitutional violation has

probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at

496; *Schlup v. Delo*, *supra*.   "[T]he *Schlup* standard is demanding and permits review only

in the  'extraordinary' case." *House v. Bell,* 547 U.S. 518, 538 (2006) (citations omitted).

Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels

against federal review of defaulted claims." *Id*. at 537.

"To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is

more likely than not that no reasonable juror would have convicted him.'  *Schlup v. Delo*,

513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."  *Bousley  v.*

*United States,* 523 U.S. 614, 623 (1998);  *House,* 547 U.S. at 538. In this context, Petitioner

must show constitutional error coupled with newly discovered evidence that was not

presented at trial that would establish factual innocence rather than mere legal insufficiency.

*Bousley*, 523 U.S. at 623-24*; Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001). *See*

*also Schlup,* 513 U.S. at 324.

Schlup observes that

> a substantial claim that constitutional error has caused the
> conviction of an innocent person is extremely rare. . . .  To be
> credible, such a claim requires petitioner to support his
> allegations of constitutional error with new reliable evidence –
> whether it be exculpatory scientific evidence, trustworthy
> eyewitness accounts, or critical physical evidence – that was not
> presented at trial.

*Id*. at 324.

To the extent Petitioner argues that the court should consider the merits of his procedurally defaulted claims  because he is actually innocent of the offense of conviction, the undersigned finds such claim fatally flawed. A petitioner's assertion of "actual innocence" does not operate to automatically  overcome a procedural bar.[5]  Petitioner must show constitutional error coupled with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup* 513 U.S. at 327.

The Supreme Court has held that a petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States,* 523 U.S. 614, 623 (1998) (quotations omitted); *see also Schlup,* 513 U.S. at 327-28. To prevail, the petitioner must demonstrate that he has newly discovered evidence which, if presented at trial would establish factual innocence rather than mere legal insufficiency.  *See Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). *See also Schulp,* 513 U.S. at 316 (holding that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a

---

[5]"Actual innocence" must be accompanied by a constitutional claim. *See Herrera v. Collins,* 506 U.S. 390, 404 (1993) (holding that "actual innocence" is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits).

miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *High v. Head,* 209 F.3d 1257, 1270 (11ᵗʰ Cir. 2000) (citation omitted). That is, "the prisoner must 'show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt.'" *Kuhlman v. Wilson,* 477 U.S. 436, 454 n. 17 (1986) (citation omitted).

A petitioner's bare allegation that he is innocent of the crime, without more, does not establish cause sufficient to overcome a procedural bar. Here, in support his actual innocence argument, Petitioner claims he has newly discovered evidence that was not presented at trial - his own testimony. (*Doc. No. 20.*) Attached to Petitioner's response is an affidavit which he claims, "describes [his] version of what actually occurred that led to the death of [the victim]." (*Id. at pg. 14.*) Petitioner's affidavit, however, is no more than another variation on the events which he claims occurred prior to the victim's death.[6] Petitioner has not, however, produced exculpatory scientific evidence, any trustworthy eyewitness accounts in contravention to that presented at trial, or any critical physical evidence that was not presented at trial, and there is nothing in the record that suggests a miscarriage of justice will occur if the court does not reach the merits of his defaulted claims. Petitioner simply presents no evidence nor suggests that any exists which could satisfy the difficult standard

---

[6]Petitioner gave three statements to police before he was arrested for the murder of the victim. The statements contained various inconsistencies with regard to Petitioner's description of events which occurred prior to the victim's death. (*Doc. No. 12, Exh. A, Vol. 6, Part I & II.*)

set forth in *Schlup*. Petitioner's procedurally defaulted claims are, therefore, foreclosed from federal habeas review. *See Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir. 1995) (It would be improper for a federal habeas court to discuss the merits of a claim that has been procedurally defaulted in state court).

*B. Ineffective Assistance of Counsel*.

To prevail on a § 2254 claim adjudicated on the merits by the state courts, Petitioner must show that the decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see Williams*, 529 U.S. at 412-13. A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Id*. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409). It is the objective reasonableness, not

the correctness *per se*, of the state court decision that this court must decide. *See Williams*,
529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001).

Federal district courts are likewise directed to determine whether the state court based
its findings on "an unreasonable determination of the facts in light of the evidence presented
in the State court proceeding." 28 U.S.C. § 2254(d)(2). A responsible, thoughtful decision
that is made after a full opportunity to litigate suffices, "even if it is wrong." *Lindh v.
Murphy*, 96 F.3d 856, 876-77 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997).
A state court's determinations of fact shall be "presumed to be correct," and the habeas
petitioner "shall have the burden of rebutting the presumption of correctness by clear and
convincing evidence." 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of
correctness applies only to findings of fact made by the state court, not to mixed
determinations of law and fact." *Parker*, 244 F.3d at 835 (*citing McBride v. Sharpe*, 25 F.3d
962, 971 (11th Cir. 1994)). However, even when the state court addresses a question of law,
this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the
lens of § 2254(d)." *Price*, 538 U.S. at 639. The Supreme Court admonishes that such
evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d). .
. " *Id*. at 636. Additionally, a state court's summary rejection of a federal constitutional issue
qualifies as an adjudication on the merits under § 2254(d) so that the summary rejection is
entitled to the same deference as a written opinion. *See Wright v. Sec. of Dept. Of Corr.,* 278
F.3d 1245, 1254 (11th Cir. 2002).

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. Petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel. First, Petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* Once this threshold test is met, Petitioner must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687. To establish prejudice, Petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams v. Taylor,* 529 U.S. at 393 n. 17 (2000). There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir.1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague,* 953 F.2d 1525, 1535 (11th Cir.1992).

On appeal from the trial court's denial of his new trial motion, the Alabama Court of Criminal Appeals held that to the extent Petitioner's challenges to counsel's performance had been presented to the trial court, "he made only bare allegations and did not present any evidence to support them during the hearing on his motion for new trial." The appellate court

23

went on to find that, although Petitioner made more specific allegations with respect to trial counsel's conduct on appeal, the court was "bound by the record and not by allegations or arguments in brief reciting matters not disclosed by the record. . . .  Therefore, the appellant did not satisfy his burden under *Strickland[ v. Washington*, 466 U.S. 668 (1984)]  and he is not entitled to relief on these allegations."  (*Doc. No. 12, Exh. D, pg. 11*) (citations omitted).

*Strickland* sets forth the clearly established federal law on this issue. The state courts did not decide Petitioner's claims of ineffective assistance of counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law. *Williams,* 362 U.S. at 412. Consequently, the state appellate court's rejection of these claims was not contrary to actual Supreme Court decisions. This court must, therefore, resolve whether the Alabama Court of Criminal Appeal's decision to reject the ineffective assistance of trial counsel claims was an unreasonable application of the *Strickland* standard.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams,* 529 U.S. at 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head,* 272 F.3d 1308, [1313] (11th Cir.2001)("It is the objective reasonableness, not the correctness *per se,* of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections,* 278 F.3d 1245, 1256 (11th Cir.2002).

Petitioner cites several instances of ineffective assistance of trial counsel in regard to claims concerning counsel's failure to call various expert witnesses. Specifically, Petitioner faults counsel for: 1) failing to call an expert in liver dysfunction or forensic pathology to challenge the state's evidence as to time, manner, and cause of the victim's death; 2) failing to provide expert testimony that the victim's death could have been due to poor health or accidental falls; 3) failing to call an expert on blood level/intoxication; and 4) failing to call a toxicologist to testify about dissipation of alcohol from the body. (*Doc. No. 1.*) In its order denying Petitioner's request for a new trial, the trial court held that "[a]lthough defendant speculates that a lack of experts and tests could have prejudiced him, there is no indication that such lack actually did so." (*Doc. No. 12, Exh. A, Vol. 5, pg. 3.*)

An attorney's decision whether to call a particular witness is a matter of trial strategy entitled to great deference. *See Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*) (citing *Waters v. Thomas,* 46 F.3d 1506, 1512, 1518-19 (11th Cir. 1995) (*en banc*)). "Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that [the court] will seldom, if ever, second guess." *Waters,* 46 F.3d at 1512; *Chandler,* 218 F.3d at 1314 n. 14 (describing the decision to call some witnesses and not others as "the epitome of a strategic decision" (quotation marks omitted)); *United States v. Long,* 674 F.2d 848, 855 (11th Cir. 1982) (appellate court "will not second-guess tactical decisions of counsel in deciding whether to call certain witnesses"). Self-serving speculation as to the testimony an expert witness might have provided fails to provide a basis on which

25

to conclude that a defendant's trial attorney performed deficiently.  A petitioner must present evidence of the witness testimony in the form of actual testimony or an affidavit. *See United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991);  *United States v. Schaflander,* 743 F.2d 714, 721 (9th Cir. 1984) ("[T]o successfully assert that trial counsel should have called a witness, a petitioner must first make a sufficient factual showing substantiating the proposed witness testimony."). While Petitioner contends that trial counsel should have called various experts to counter the testimony of the State's witnesses, he has not provided any information as to the evidence which could have been obtained had counsel sought and/or procured an independent expert witness nor made any showing as to whether such expert testimony would have produced a different result.

Assuming, *arguendo*, that trial counsel was ineffective for failing to procure independent expert witness testimony as described above to support Petitioner's  theory that the victim died from injuries she sustained after falling and hitting her head, Petitioner has simply not shown that such failure prejudiced him in any way such that the jury would have reached a different decision and acquitted him of the charge in light of the other evidence presented at trial. *See Strickland,* 466 U.S. at 688. The records before the court reflect that trial counsel thoroughly cross-examined the forensic pathologist who performed the autopsy on the victim. During cross-examination the forensic pathologist testified that there was nothing wrong with the victim's liver and that her death was not due to simply having hit her head from slipping and falling; rather, Dr. Enstice testified that the numerous blows to the victim's head were fatal and caused by a tremendous force. Additionally, Dr. Enstice testified

that  the number of contusions found around the victim's entire head were very unlikely to have occurred due to one fall. (*Doc. No. 12, Exh. A, Vol. 2, Part II, pgs. 54-97 & Vol. 3, Part I, pgs. 69-102.*) With regard to Petitioner's allegation that trial counsel failed to call a toxicologist about alcohol dissipation, the record reflects that trial counsel did cross-examine the toxicologist Ms. Jay about alcohol dissipation.  (*See Doc. No. 12, Exh. A, Vol. 2, Part I, at pg. 250-55.*)

Upon its own independent review of the record, this court finds that Petitioner has not provided clear and convincing evidence to dispute the decision of the Alabama Court of Criminal Appeals with regard to his claim concerning trial counsel's performance in failing to call various independent expert witnesses to testify. Thus, the appellate court's determination that Petitioner failed to demonstrate counsel's ineffectiveness was neither contrary to, nor an unreasonable application of, federal law nor  "based on an unreasonable determination of the facts...." 28 U.S.C. § 2254(d)(2).  These ineffective assistance of counsel allegations, therefore, do not warrant habeas relief.

Petitioner also contends that trial counsel performed deficiently by failing to adequately explain to the court Petitioner's hearing disability so that the court could make appropriate accommodations.  The Alabama Court of Criminal Appeals addressed a related issue. Specifically, the court addressed Petitioner's contention that the trial court erroneously denied his motion for a new trial with regard to his allegation that he was not able to assist in his defense due to a hearing impairment as follow:

In its order denying the appellant's motion for a new trial on this ground, the trial court stated:

> "Having observed the defendant through his trial; having observed the defendant interacting with his counsel; having observed the defendant at the hearing held this day; and having seen that the defendant could hear questions put to him at a significant distance; the court finds that the defendant was well able to hear the things that went on throughout this entire litigation, and, accordingly, this motion is denied.

The trial court had conflicting evidence before it regarding the appellant's auditory capabilities, and it made a credibility assessment based on its observations of the appellant and his auditory capabilities throughout the trial and during the hearing on his motion for a new trial. Therefore, we do not find that the trial court abused its discretion in denying the appellant's motion for a new trial on this ground.

(*Doc. No. 12, Exh. D, pgs. 6-10*.)  In addressing Petitioner's claim that trial counsel acted ineffectively for not adequately explaining to the trial court Petitioner's hearing impairment so that appropriate accommodations could be made, the appellate court relied on its earlier findings with respect to this issue to conclude that there was no basis for an objection by trial counsel in this regard, and thus, no merit to Petitioner's argument. (*Id. at pg. 11*.) Based on the state courts' findings as well as upon an independent review of the record, the court finds that Petitioner has failed to show the harm necessary to this claim of ineffectiveness and has, therefore, failed to establish that trial counsel performed deficiently. *Strickland*, 466 U.S. at 687-688; *Hill*, 474 U.S. at 58-59. The undersigned, therefore, concludes that the state court's rejection of this challenge to counsel's performance was objectively reasonable. *See Williams v. Taylor, supra.* This decision was likewise a

28

reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

Petitioner presents the following additional challenges to trial counsel's performance: 1) trial counsel failed to accept a continuance offered by the court to allow additional time to re-review and consider a taped statement by Petitioner and to obtain an expert on blood level intoxication/impairment; 2) trial counsel failed to review tape; 3) trial counsel failed to review tape of Petitioner's statement in its entirety; 4) trial counsel failed to request that the court view the tape in its entirety so the court could better evaluate Petitioner's level of intoxication when it was given;[7] 5) trial counsel failed to request a more definite statement; 6) trial counsel failed to inform defendant that he would be interviewed by a psychiatrist or psychologist to determine whether he was mentally competent to stand trial; 7) trial counsel failed to challenge a psychiatric report or to seek another; 8) trial counsel failed to object to expert witness testimony based on hearsay of non-expert regarding the time of death; and 9) trial counsel failed to request a jury instruction on circumstantial evidence. As explained earlier, in affirming the trial court's rejection of these ineffective assistance of counsel claims, the Alabama Court of Criminal Appeals held that Petitioner had not met his burden

---

[7]The court notes that the State advised the trial court that it was not interested in proving Petitioner's level of intoxication when he gave his initial statement to police because whether or not he was intoxicated at the time he gave his initial statement had no bearing on whether he committed the reckless act(s) which led to the victim's demise. Further, the state ultimately did not offer into evidence Petitioner's initial statement given to police on November 5, 2002. (*See Doc. No. 12, Exh. A, Vol. 2 Part I, pgs. 23-27.*) The record also reflects that trial counsel informed the court that he had had enough time to review the statement Petitioner initially gave to law enforcement officials. (*Id at pg. 25.*)

under *Strickland* and, thus, his allegations were insufficient to compel a finding that trial counsel was ineffective.  (*Doc. No. 12, Exh. D at pg. 11.*)

Petitioner fares  no better in his federal habeas petition with regard to the above-noted ineffectiveness allegations. He fails to present and/or plead specific facts to demonstrate how he was prejudiced with regard to his challenges to trial counsel's alleged deficient performance as enumerated above. Petitioner's cursory allegations in his habeas petition concerning his trial counsel's alleged deficient performance are simply insufficient to satisfy the *Strickland* standard. *See Wilson v. United States,* 962 F.2d 996, 998 (11th  Cir. 1992); *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991); *Aldrich v. Wainwright,* 777 F.2d 630, 637 (11th  Cir. 1985) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation.)

Here, the Alabama Court of Criminal Appeals applied *Strickland* in its review of the above-described challenges to trial counsel's performance and determined that Petitioner failed to meet his burden of establishing that  trial counsel provided ineffective assistance. Having independently reviewed the record of the proceedings in this case, it is clear that the Alabama Court of Criminal Appeals' determination on these claims  challenging trial counsel's performance is not unreasonable.  Petitioner's conclusory allegations regarding trial counsel are simply not sufficient to show that the performance of his trial attorney fell below a subjective standard of reasonableness or that his actions in any way prejudiced Petitioner's case.  *See Tejada,* 941 F.2d at 1559) (recognizing that vague, conclusory,

speculative, or unsupported claims cannot support an ineffective assistance of counsel claim).

Additionally, the decision issued by the Alabama Court of Criminal Appeals constituted a

reasonable determination of the facts in light of the evidence presented. Habeas relief is,

therefore, unwarranted on the above-described claims of ineffective assistance of trial counsel.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

for habeas corpus relief filed by Petitioner Lon Farr be DENIED and DISMISSED with

prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **October 31,  2011**. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which a party objects.

Frivolous, conclusive or general objections will not be considered by the District Court.  The

parties are advised that this Recommendation is not a final order of the court and, therefore,

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

31

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 17th day of October  2011.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

32